**UNITED STATES of America,
Appellee,**

v.

**Charles Francis FRAZIER, Appellant.**

**No. 12584.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1969.

Decided Oct. 14, 1969.

Alan H. Murrell, Baltimore, Md., (Court-appointed counsel) and Phillip M. Sutley, Baltimore, Md., for appellant.

Stephen D. Shawe, Asst. U. S. Atty., (Stephen H. Sachs, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

PER CURIAM:

Charles Francis Frazier appeals from his conviction on two counts of interstate transportation of forged securities (18 U.S.C. § 2314) and two counts of conspiracy to do the same. We conclude that his arguments are without merit.

■ Appellant's major complaint is against the admission in evidence of an eye witness courtroom identification, said to be tainted by a jailhouse confrontation violative of due process. Declining to rely on his finding that the jailhouse view was fair, the District Judge was satisfied beyond a reasonable doubt that the in-court identification was not the product of the earlier confrontation and therefore was untainted. The witness testified that she was not positive that Frazier was the man until she saw him at trial. The District Judge noted that this was quite plausible since when she first saw the man she later identified as Frazier he had long hair and moustache, while later, at the jail Frazier was clean shaven and shorn. When the witness saw him again, at the trial, the defendant had a full growth of hair, both on his head and upper lip. On the whole, there was ample support in the record for the finding of the trial judge, and we cannot say that it was clearly erroneous.

■ Appellant argues also that he was prejudiced by the failure to sequester the FBI agent in charge of the case during parts of the trial relating to the jailhouse confrontation. Since the ruling of the District Judge was based not on the fairness of the show-up, but on the independent origin of the later identification, the agent's testimony was not of great moment in the resolution of the issue.

■■ This is not to say that when witnesses are sequestered from the courtroom, an FBI agent is automatically exempt from the order. The matter should not be decided routinely but in a genuine exercise of discretion, according to the attendant circumstances. Where the agent is the one in charge of the case and his presence is necessary, the court may permit him to remain although other witnesses are excluded. In that case, if it is anticipated that the agent will be called as a witness he should ordinarily be called first so as to avoid giving the prosecution unfair advantage or the appearance that the prosecution is being favored. This should be the order of presentation unless, in the judge's considered opinion, it would unduly break the continuity and seriously impair the coherence of the Government's proof. Of course, if the agent is permitted to remain in the courtroom and then rebuttal testimony from him is unexpectedly required, he should be given the opportunity to testify.

Appellant claims that cross-examination by the Government of an alleged co-conspirator ranged impermissibly beyond the scope of direct examination. We, however, perceive no unfairness or abuse of discretion in the District Judge's ruling.

■ Finally, appellant contends that a mistrial should have been granted when his alleged co-conspirators were seen by the jury "in the custody of U. S. Marshals." It appears that the complaint is only that the Marshals stood next to the men. This procedure is not significantly different from that followed when any co-defendant or other witness has not been released on bail during trial. The point is without substance.

Judgment affirmed.