70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phenix O. SUMNER, Defendant-Appellant.
 No. 94-5725.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 23, 1995.
Decided Nov. 16, 1995.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CR-94-72)
 J. Brian Donnelly, Virginia Beach, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Charles P. Rosenberg, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Phenix O. Sumner, a former mail carrier for the United States Postal Service, appeals his conviction for embezzlement of mail by a postal employee, 18 U.S.C.A. Sec. 1709 (West Supp.1995), and credit card fraud, 15 U.S.C. Sec. 1644 (1988).* Sumner makes three assignments of error, all concerning events at trial. Finding no reversible error, we affirm.
 
 
 2
 Sumner claims that the district court erred in permitting the Government's representative at trial, Postal Inspector Ryland Saxby, to serve as a rebuttal witness. Saxby, who was allowed to remain in the courtroom after the sequestration of the other witnesses pursuant to Fed.R.Evid. 615, heard each trial witness testify, including Appellant. The defense maintains this was improper and that a sequestered witness should have performed the rebuttal.
 
 
 3
 We disagree. The Government's in-court representative may offer rebuttal testimony despite having heard the other witnesses. United States v. Frazier, 417 F.2d 1138, 1139 (4th Cir.1969), cert. denied, 397 U.S. 1013 (1970). Moreover, in the case at bar, Appellant testified that he observed an unaccompanied Saxby improperly enter his automobile while conducting the Government's investigation. Therefore, Saxby was the only witness with sufficient knowledge to rebut effectively Appellant's testimony.
 
 
 4
 Sumner also charges that the district court erroneously permitted the substitution of a new trial judge during the jury deliberations. Although the prosecution concedes that the judicial substitution violated the letter of Fed.R.Crim.P. 25, it correctly notes, as discussed below, that the change did not prejudice Appellant. See United States v. Lane, 708 F.2d 1394, 1396-97 (9th Cir.1983); Fed.R.Crim.P. 52(a).
 
 
 5
 Sumner insists that the substitute judge erred in re-instructing the jury on the use of circumstantial evidence after a juror had indicated a moral objection to considering such evidence. Although he concedes that the judge merely re-read a proper jury instruction issued by the original judge, he contends that the instruction amounted to "a direction by the Court to return a verdict of guilty." We note that the defense makes no showing that the substitute judge's unfamiliarity with the case caused any prejudicial action or inaction. Indeed, there was complete continuity of instruction to the jury, both in the content of the instruction and in the court's expressed preference for a verdict on each count charged. We find no prejudice attributable to the Rule 25 violation.
 
 
 6
 Sumner's position seems to be that the court's re-instruction was prejudicial because it was given in response to a juror's expression of unwillingness to rely on circumstantial evidence. We review the district court's decision to give a supplemental instruction for abuse of discretion, United States v. Horton, 921 F.2d 540, 546 (4th Cir.1990), cert. denied, 501 U.S. 1234 (1991), and find that the court acted well within its discretion in repeating a valid instruction to the jury after learning that a juror intended to disregard the law. Similarly, Sumner's allegation that in context the instruction "strong-armed" the juror into voting to convict is meritless. After re-reading the instruction, the judge directed the jury as follows:
 
 
 7
 I would ask the jury to retire to take into account the instruction that you have as to circumstantial evidence, consider each count separately, and come to a verdict. Of course, if you can't come to a verdict, after a reasonable time, then, Mr. [Foreman], you'll have to report that the jury is unable to reach a verdict, but I hope that will not be the case. Would you retire, please.
 
 
 8
 The judge indicated no opinion regarding Sumner's guilt or innocence, and acknowledged that he would accept the jury's failure to reach a verdict. We find no indication of prejudice. The judgment of the district court is, therefore, affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Sumner was acquitted on one count of uttering a forged United States Treasury Check, 18 U.S.C.A. Sec. 510(a)(2) (West Supp.1995)