

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2003

# USA v. Drummond

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4012

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Drummond" (2003). *2003 Decisions*. Paper 345.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/345

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4012
_____

UNITED STATES OF AMERICA,

v.

ALVIN DRUMMOND,
                                    Appellant

_____

Appeal from the United States District Court
for the District of Delaware
(Crim. No. 01-cr-00094)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit LAR 34.1(a) July 15, 2003

Before: McKEE, BARRY and ROSENN, Circuit Judges

(Filed July 24, 2003)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge:

        This case raises the issue of whether the District Court committed reversible error

when it denied the motion *in limine* of defendant, Alvin Drummond, to compel the

Government's case agent to testify first at trial.  The purpose of the motion was to prevent

the possibility that the case agent might endeavor, when called as a witness, to  conform his

testimony to that of the preceding Government witness.

On reviewing the matter de novo, we hold that, under the circumstances of this case, the harm to the Government's case that would have resulted from granting Drummond's motion far outweighs any possible harm to Drummond from denying the motion. The District Court did not abuse its discretion in denying the motion. We affirm. Drummond timely appealed.

## I.

A jury convicted Drummond on two counts of cocaine distribution. The trial court sentenced him to a 327-month prison term. Before his trial began, he filed a Motion in Limine requesting that the Court order the Government to call its case agent, Detective Ronald Marzec, as its first witness at trial. The District Court denied the motion, holding that, under Federal Rule of Criminal Procedure 615, it was outside its authority to control the sequence of the Government's witnesses.

At trial, the Government first called Detective Marvin Charles Mailey, Jr., who testified that, while he was working undercover, Drummond sold him cocaine. Mailey testified to his close contact with Drummond, and unequivocally identified him as the person who sold him cocaine on multiple occasions. Agent Marzec then testified that he witnessed some of the drug-sales transactions between Drummond and Mailey from a distance, sometimes aided by binoculars. Marzec verified that the person present at these transactions

2

was Drummond and, in that respect, his testimony was consistent with Mailey's. Drummond's defense was primarily based on a challenge to the prosecution's identification of Drummond. Drummond's witnesses testified, *inter alia*, that Drummond had brothers who closely resembled him, and that he often loaned one of his cars – the car in which Mailey and Marzec testified some of the drug sales had occurred in – to others.

Drummond now challenges the District Court's denial of his motion to compel Marzec to testify first.

## II.

Our review here is plenary.[1] The District Court is alleged to have misinterpreted the Rules of Evidence. This is a question of whether it correctly understood the scope of its authority under the Rules. We review the District Court's refusal to require the case agent to testify first for abuse of discretion.

The District Court erred in its exclusive reliance on Rule 615. Rule 615 provides that a court shall order the sequestration of witnesses, upon the request of a party. However, Rule 615 does not permit the exclusion from trial of "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed. R. Evid. 615(2). We have held that a case agent for the Government falls within this exemption, and ordinarily cannot be sequestered pursuant to Rule 615. United States v. Gonzalez, 918 F.2d 1129, 1138

---

[1] Jurisdiction in the District Court was proper under 18 U.S.C. § 3231; appellate jurisdiction is satisfied by 28 U.S.C. § 1291.

(3d Cir. 1990). Thus, Marzec, as the case agent, could not have been validly sequestered under this Rule. The District Court apparently believed that Rule 615 somehow protected the Government against judicial intervention in its sequence of trial witnesses.

However, Rule 611(a) does not exempt case agents. It merely provides: "The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). There is no obvious reason why the Rule 615 case agent exemption, designed to allow a representative of the Government to be in the courtroom at all times, would have any relevance to Rule 611.

Accordingly, other courts of appeals have held that case agents, ineligible for sequestration under Rule 615, might nonetheless be forced to testify first at trial, to avoid giving the prosecution unfair advantage. See United States v. Parodi, 703 F.2d 768, 774 (4th Cir. 1983) (permission for the investigating officer to remain in court at trial under Rule 615 may be conditioned on requirement that the officer be forced to testify first); In Re United States, 584 F.2d 666, 667 (5th Cir. 1978) ("[T]he District Court may, in the exercise of its discretion under [Rule 611(a)], conclude that the government should be required to present [its case agent's] testimony at an early stage of the government's case."). Thus, the District Court's sole reliance on Rule 615 was error; the language of the Rules of Evidence and the

persuasive holdings of our sister courts suggest that Rule 611(a) was applicable.[2]

Drummond next urges that, in determining the standard under which a district court should evaluate a request to have the case agent testify first, we should adopt a rule promulgated by the Court of Appeals for the Fourth Circuit. Under its rule, a Government case agent "should ordinarily be called first so as to avoid giving the prosecution unfair advantage or the appearance that the prosecution is being favored." United States v. Frazier, 417 F.2d 1138, 1139 (4th Cir. 1969). That court went on to state that "[t]his should be the order of presentation unless, in the judge's considered opinion, it would unduly break the continuity and seriously impair the coherence of the Government's proof." Id. At the opposite interpretive pole is the Court of Appeals for the First Circuit. In United States v. Machor, 879 F.2d 945, 954 (1st Cir. 1989), the court held that "good reason should exist before the court intervenes [as to the sequence of witnesses] in what is essentially a matter of trial strategy."

Drummond insists that regardless of the standard we choose, we must set forth some interpretive benchmark as to Rule 611 motions or any other motion regarding the sequencing of case agent witnesses. Because this court has not previously ruled on this issue, he asserts that we must remand to the District Court so that it can apply whatever standard we announce. However, Drummond was not entitled to have Marzec testify first. The Government has an interest in the order of its presentation, cf. Machor, 879

---

[2] We may affirm for reasons other than those assigned by the District Court.

F.2d at 954 (sequencing of witnesses is "essentially a matter of trial strategy"), and here the chief witness was Mailey. It would have been confusing to the jury and harmful to the Government case to force it to have its secondary witness testify first.

Furthermore, in <u>Gonzalez</u>, we observed that there was no prejudice in declining to sequester a case agent, because "[the defendant's] argument that [two Government] agents could coordinate their testimony does not pose a likelihood of prejudice since they had ample time before trial to do that, were they so inclined." 918 F.2d at 1138 n.8. Here, the two witnesses were both law enforcement officers, who had worked closely together throughout the investigation, and Drummond gave no other reason for his motion than to prevent deliberate conformity of testimony. If the witnesses were so inclined, and we have confidence that they were not, the two easily could have discussed their testimony before trial.

Therefore, the Government's interests in the orderly presentation of its case far outweighs the negligible possibility of prejudice to Drummond. Although this might be a more difficult issue if Marzec's testimony were not clearly subsidiary to Mailey's, or if there were non-Government witnesses involved for whom pre-trial coordination of testimony would be more difficult, in this case there was no justification for ordering Marzec to testify first. Moreover, Rule 611 only calls for an ordering of witnesses to maximize the "ascertainment of the truth." While there may be instances where the defense is hamstrung by its inability to sequester a case agent, and where it may be

6

justified in requesting that the case agent to testify first, such a measure is not warranted here and would not further the trial's truth-seeking function. The judgment of conviction and sentence is affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

<u>                                                           /s/ Max Rosenn</u>
Circuit Judge