**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4618

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS D. FLOWERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (3:05-cr-00408-REP)

Submitted:  April 30, 2007                  Decided:  May 24, 2007

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James M. Nachman, NACHMAN & SQUIRES, L.L.P., Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Travis Flowers of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Flowers to fifty-one months' imprisonment, and Flowers appealed. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but contending the district court abused its discretion in admitting testimony of three Government experts and in allowing the Government's trial representative to testify as a rebuttal witness when the representative had not previously been excluded from the courtroom with other witnesses. Flowers did not file a pro se supplemental brief, despite being notified of his right to do so. The Government filed a responding brief in which it countered the district court did not err. Finding no error, we affirm.

We review the admission of expert testimony for an abuse of discretion. See Gen. Elec. Co. v. Joiner, 522 U.S. 136, 139 (1997); United States v. Powers, 59 F.3d 1460, 1470-71 (4th Cir. 1995). Expert testimony is admissible under Fed. R. Evid. 702 if it concerns: (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (extending Daubert's two-prong

- 2 -

gatekeeping test to all expert testimony). The first prong of this inquiry examines whether the reasoning and methodology underlying the expert's proffered opinion is reliable. See Daubert, 509 U.S. at 593-95. The second prong of the inquiry requires an analysis of whether the opinion is relevant to the fact at issue. See id. at 591-92, 595. Thus, an expert's testimony is admissible under Rule 702 if it "rests on a reliable foundation and is relevant," Kumho Tire Co., 526 U.S. at 141 (internal quotation marks and citation omitted), and falls outside the common knowledge of the jury. See United States v. Dorsey, 45 F.3d 809, 814-15 (4th Cir. 1995).

Counsel contends the district court improperly permitted the testimony of an expert in the interstate transportation of firearms and ammunition. The expert testified, based on his analysis of the firearm's stampings,[1] that the weapon had traveled in interstate commerce. The district court's admission of this expert testimony was proper. See, e.g., United States v. Williams, 445 F.3d 724, 740 (4th Cir.), cert. denied, 127 S. Ct. 314 (2006).

Counsel also contends the district court improperly permitted the testimony of experts in the areas of latent fingerprints and gunshot residue ("GSR"). The experts used

---

[1]Counsel contends the expert's reference to the stampings was inadmissible hearsay. We conclude the expert did not testify as to the specific markings on the firearm but instead explained that the markings formed a basis for his evaluation, which is customary in the expert's field of analysis. Thus, these facts and data "need not be admissible in evidence." Fed. R. Evid. 703.

- 3 -

percentages in their testimony to explain the likelihood of finding evidence on a firearm. Counsel objected to the use of the percentages; in the Anders brief, counsel contends this form of testimony was confusing, misleading, and prejudicial. Counsel provides no support for this contention, however. The decision to admit the testimony was neither arbitrary nor irrational, see United States v. Moore, 27 F.3d 969, 975 (4th Cir. 1994), and therefore not an abuse of discretion.

Flowers did not object to the alleged failure to exclude the Government's representative and rebuttal witness. Therefore, this contention is reviewed for plain error. See Fed. R. Crim. P. 52(b). Under the plain error standard, Flowers must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The Government's in-court representative may offer rebuttal testimony despite having heard the other witnesses. United States v. Frazier, 417 F.2d 1138, 1139 (4th Cir. 1969). Thus, the district court did not err in failing to exclude the witness.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Flowers's conviction and sentence.[2] This court requires that counsel inform Flowers, in writing, of the right to petition the Supreme Court of the United States for further review. If Flowers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Flowers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2]Pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), the district court treated the guidelines as advisory and consulted the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) sentencing factors prior to imposing sentence. The sentence was within the statutory prescribed range, <u>see</u> 18 U.S.C. § 924(a)(2) (2000) (providing maximum punishment for § 922(g) violation is ten years' imprisonment), and was reasonable. <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006) (holding sentence within properly calculated advisory guidelines range is presumptively reasonable).