**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4617

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS D. FLOWERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:01-cr-00361-RLW-2)

Submitted:  July 11, 2007                    Decided:  July 30, 2007

Before WILKINSON and KING, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James M. Nachman, NACHMAN & SQUIRES, L.L.P., Richmond, Virginia, for Appellant.  Peter Sinclair Duffey, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Flowers pled guilty to possession with intent to distribute cocaine base and was sentenced to thirty-seven months' imprisonment with a five-year term of supervised release. While on supervised release, Flowers was charged with possession of a firearm by a convicted felon. A jury convicted Flowers on this charge, and the conviction served as the basis for the district court's revocation of supervised release. The district court sentenced Flowers to six months' imprisonment on revocation, to be served consecutively to Flowers' fifty-one month sentence on the firearm conviction. Flowers timely appealed.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal but requesting this Court review whether the district court erroneously imposed a consecutive six-month sentence after finding Flowers' violated the terms of his supervised release.[1] Flowers did not file a pro se supplemental brief, despite being notified of his right to do so. The Government declined to file a responding brief. Finding no error, we affirm.

---

[1] Counsel asserts we should vacate the district court's revocation order if Flowers' firearm conviction is reversed on appeal. However, we recently affirmed Flowers' conviction and sentence in that case. See United States v. Flowers, No. 06-4618, 2007 WL 1533068 (4th Cir. May 24, 2007) (unpublished).

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir.), cert. denied, 127 S. Ct. 1813 (2007). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable, and if so, whether it is "plainly" unreasonable. Id. While the district court must consider the U.S. Sentencing Guidelines Manual ("USSG") Chapter 7 policy statements and statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a) and 3583 (West 2000 & Supp. 2006), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum.

Flowers' underlying cocaine distribution conviction was punishable by a statutory maximum of forty years' imprisonment. See 21 U.S.C. § 841(b)(1)(B) (2000). The underlying conviction was therefore a Class B felony, see 18 U.S.C. § 3559(a)(2) (2000), for which Flowers could have been sentenced upon revocation of his supervised release to a statutory maximum of three years' imprisonment. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2006). Based on Flowers' Grade B violation of supervised release, see § 7B1.1(a)(2), and criminal history category of I, the district court properly found Flowers' range of imprisonment upon revocation was four to ten months. See USSG § 781.4(a) (revocation table).

The district court's imposition of a six-month sentence was well within both the statutory maximum and the sentencing guidelines range. Further, the district court properly imposed the revocation sentence to run consecutively to Flowers' sentence on the firearm conviction. See USSG § 7B1.3(f). We therefore conclude Flowers' revocation sentence was reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation of Flowers' supervised release and the sentence imposed by the district court. This court requires that counsel inform Flowers, in writing, of the right to petition the Supreme Court of the United States for further review. If Flowers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Flowers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED