**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

NILSON HERNEY VALENCIA-RIASCOS,
    *Defendant-Appellant.*

No. 11-30307

D.C. No.
2:10-cr-06095-
RMP-1

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Submitted August 6, 2012*
Seattle, Washington

Filed October 11, 2012

Before: John T. Noonan, Susan P. Graber, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Graber

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

12229

---

**COUNSEL**

Rebecca L. Pennell, Federal Defenders, Yakima, Washington, for the defendant-appellant.

Shawn N. Anderson, Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellee.

---

**OPINION**

GRABER, Circuit Judge:

Defendant Nilson Herney Valencia-Riascos appeals the district court's denial of his requests to limit the courtroom presence of a law enforcement officer who was the prosecution's main witness. Defendant argues that the district court abused its discretion and denied him due process by declining to exclude the officer from the courtroom, by allowing the officer to sit at the prosecution's table, and by declining to require the officer to testify first.

We affirm. Federal Rule of Evidence 615 requires a district court to permit a designated officer to be present during trial. Any related decisions are discretionary. No abuse of discretion or due process violation occurred in this case.

Defendant was charged with assault on a federal officer by physical contact, in violation of 18 U.S.C. § 111.[1] The events underlying the charge involved an altercation between Defendant and Shawn Miller, an Immigration and Customs Enforcement ("ICE") agent. Miller's work involved visiting local jails to establish the immigration status of individuals held in custody. Miller's work brought him into contact with Defendant, who was in custody at the Franklin County Jail in Washington. At trial, Miller testified that, in the course of his attempts to fingerprint Defendant, Defendant struck him on the forearm and then struck him again, in the mouth, while Miller was trying to subdue him.

At trial, Defendant objected, under Federal Rule of Evidence 615, to Miller's presence in the courtroom. In the alternative, Defendant asked that Miller be required to testify first

---

[1]That statute provides:

(a) In general.—Whoever—

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

(2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty.—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

and be barred from sitting at the prosecution's table. The trial court denied those requests, concluding that the prosecution should be permitted to seat Miller at the table as a designated "case agent."

During trial, Miller testified as the only witness to Defendant's physical contact; none of the prosecution's other four witnesses saw the events underlying the charge. Miller testified at the close of the prosecution's case-in-chief. The prosecution presented no physical evidence.

Defendant proposed instructing the jury not to treat testimony of law enforcement personnel any more favorably than the testimony of other witnesses. Although the trial court did not give that particular instruction, it did give detailed instructions on credibility generally and included an instruction that *Defendant*'s testimony should be treated like that of any other witness.

Furthermore, the court and the prosecutor had probed during voir dire for bias in favor of law enforcement. In particular, the prosecutor stated, during voir dire:

> A few of you mentioned having relatives in law enforcement that would make you believe, perhaps, more so in the credibility of a law enforcement witness. . . .
>
> Can you agree to put that all aside in this case? Do you think you can put that aside and be fair and impartial to both sides?
>
> Can everyone agree to do that?

None of the seated jurors disagreed.

**[1]** The jury found Defendant guilty of the offense defined by § 111(a), but did not impose § 111(b)'s enhanced penalty. He timely appeals.

Federal Rule of Evidence 615 provides:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (a) a party who is a natural person;
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
>
> (d) a person authorized by statute to be present.

The advisory committee's notes from the Rule's 1972 proposal and 1974 enactment make clear that subsection (b) applies to investigative officers or "case agents" designated on behalf of the prosecution in criminal cases. Fed. R. Evid. 615 advisory committee's notes, 1972 Proposal ("As the equivalent of the right of a natural-person party to be present, a party which is not a natural person is entitled to have a representative present. Most of the cases have involved allowing a police officer who has been in charge of an investigation to remain in court despite the fact that he will be a witness."); advisory committee's notes, 1974 Enactment ("Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness. The practice is permitted as an exception to the rule of exclusion . . . ." (citing S. Rep. No. 93-1277 (1974))).

Generally, "[w]e review for abuse of discretion a district court's decision regarding whether a witness should be

excluded from the courtroom." *Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 915 (9th Cir. 2005). At least twice, we have considered the application of Rule 615 to investigative officers, and both times we have reviewed for abuse of discretion and adopted an interpretation consistent with the committee's notes quoted above. *See United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) (finding "no abuse of discretion" where the district court "permitt[ed] the government's investigating officer, . . . who testified as a witness, to sit at counsel table throughout the trial"); *United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1985) ("[W]e find that the district court did not abuse its discretion in allowing the case agent to remain at the prosecutor's table." (citing cases from the Second and Fifth Circuits)).[2]

Under *Thomas*, which involved facts materially indistinguishable from those in this case, we must reject Defendant's claims. The district court in this case did not abuse its discretion under Rule 615 by refusing to exclude ICE Agent Miller or by allowing him to sit at the prosecution's table.

**[2]** Defendant argues, though, that Rule 615 has been supplanted by the Justice for All Act of 2004/Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and that the district court failed to comply with the statute's requirements. Subsection (a)(3) of that statute creates a right for crime victims "not to be excluded from any . . . public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be

---

[2]The First Circuit has adopted an even stricter approach, holding that Rule 615 leaves a trial court with little discretion to exclude an investigative officer assisting the prosecution. *See United States v. Machor*, 879 F.2d 945, 953 (1st Cir. 1989) (citing Senate Report but distinguishing *Thomas*, 835 F.2d at 223); *see also United States v. Charles*, 456 F.3d 249, 259 & n.3 (1st Cir. 2006) (citing committee's notes); *United States v. Casas*, 356 F.3d 104, 126 (1st Cir. 2004) (same). Our cases do not adopt so narrow a view of our role in reviewing Rule 615 determinations.

materially altered if the victim heard other testimony at that proceeding."

Defendant is mistaken. In *United States v. U.S. Dist. Court (In re Mikhel)*, 453 F.3d 1137, 1139 (9th Cir. 2006) (per curiam), we concluded that the CVRA was wholly consonant with Rule 615's fourth exception, in subparagraph (d), prohibiting the exclusion of " 'a person authorized by statute to be present.' "[3] That is, the CVRA provides an *alternative* ground for refusing to exclude an investigative officer under Rule 615 when that investigative officer is also a victim. For such witnesses, compliance with *either* Rule 615(b) *or* the CVRA (as incorporated by Rule 615(d)) is sufficient.

Finally, Defendant argues that Miller's presence, particularly his ability to testify after hearing the rest of the prosecution's case-in-chief, violated Defendant's due process rights. In support, he cites several out-of-circuit cases. We are not persuaded.

Defendant's due process argument has two primary aspects. First, he argues that Miller's presence at the prosecution's table lent him an "aura" of credibility. Second, Defendant suggests that Miller might have been able to change his testimony because he could listen to Defendant's opening statement and the testimony of the other prosecution witnesses.

Under the circumstances, the first argument does not rise to a due process violation. The prosecution did nothing more than allow Miller to sit at the table; the prosecution offered no explicit or implicit commentary on any testimony. Furthermore, the prosecution's questioning during voir dire effec-

---

[3]Defendant argues his position by citing *Mikhel*'s statement that "the CVRA abrogated Rule 615, at least with respect to crime victims." 453 F.3d at 1139. But our reasoning in that case provides a limiting context to that statement. We meant only that the CVRA abrogates Rule 615's default rule—"summary exclusion"— with respect to crime victims. *Id.*

tively dispelled any possibility of implicit vouching. *See United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010) (identifying "vouching and related misconduct in a broader range of circumstances," giving examples such as expressing an opinion of the defendant's guilt, denigrating the defense as a sham, and implicitly vouching for a witness' credibility (internal quotation marks omitted)).

**[3]** With respect to Defendant's more general due process claims, we agree with the First Circuit that "no general constitutional principle . . . render[s] it impermissible for a case agent who was also the victim in the case" to sit at the prosecution's table so as to "prevent the district court from exercising its discretion in favor of allowing the case agent to sit there." *United States v. Charles*, 456 F.3d 249, 260 (1st Cir. 2006). As discussed above, the district court complied with Rule 615. Defendant does not challenge the constitutionality of that rule, and under these circumstances we see no due process violation.

In the alternative, assuming that the district court did err, Defendant's due process claims fail for a lack of prejudice. *See, e.g.*, *id.* at 258-60 (rejecting, in the absence of prejudice, due process arguments similar to those made here). Defendant suggests that Miller could have changed his testimony after hearing the opening statements and the testimony of other witnesses. But having reviewed those portions of the transcript for any potential advantage obtained by Miller by dint of his ability to hear the earlier parts of the trial, we have found none, and Defendant fails to identify any. If Defendant could succeed by relying on nothing more than Miller's presence at the prosecution's table throughout the trial, compliance with Rule 615(b) would amount to a per se violation of due process.

**[4]** In closing, we observe that it may be a good practice to require case agent witnesses to testify first,[4] but we decline

---

[4]Defendant cites a Fourth Circuit case endorsing the idea that a case agent witness "should ordinarily be called first so as to avoid giving the

to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference.

AFFIRMED.

---

prosecution unfair advantage or the appearance that the prosecution is being favored." *United States v. Frazier*, 417 F.2d 1138, 1139 (4th Cir. 1969) (per curiam). But *Frazier* does not create a strict rule.