**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4497

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY OMAR JEFFREY-MOE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:19-cr-00165-AWA-RJK-1)

Submitted:  April 28, 2023                          Decided:  June 6, 2023

Before WILKINSON and NIEMEYER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Diane P. Toscano, TOSCANO LAW GROUP, Virginia Beach, Virginia; Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Anthony Mozzi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Bradley Omar Jeffrey-Moe of four counts of receiving images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and three counts of possession of images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced him to 236 months' imprisonment on each count, to be served concurrently, followed by lifetime supervised release. The court also ordered Jeffrey-Moe to pay a special assessment of $700 and a statutory victim assessment, pursuant to 18 U.S.C. § 3014, of $35,000, and imposed a number of conditions of supervised release.

On appeal Jeffrey-Moe argues that the district court erred by denying his request that the Government's case agent be sequestered during the trial, and he challenges the sufficiency of the evidence. He also contends that the district court erred by imposing a lifetime term of supervised release, as well as certain standard and special conditions of supervised release, and by imposing the statutory victim assessment. Upon our review, we affirm Jeffrey-Moe's convictions, vacate several conditions of supervised release, and remand that portion of Jeffrey-Moe's sentence to the district court for further proceedings. We affirm the judgment in all other respects.

Jeffrey-Moe first argues that the district court erred by denying his request to sequester FBI Special Agent David Desy during opening statements and during the presentation of the Government's evidence. He contends that Desy's testimony was influenced by the testimony of the Government's other witnesses. Pursuant to Federal Rule of Evidence 615, a government agent is properly exempted from a witness sequestration

2

order. *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983). To the extent that Jeffrey-Moe assigns error to the district court for not requiring Desy to testify first, Jeffrey-Moe did not request that the court require this, nor did he object to Desy testifying after other Government witnesses. *See United States v. Mitchell*, 733 F.2d 327, 330 (4th Cir. 1984). Additionally, the government's case agent need not testify as the first witness for the government if there are "good reasons" for not doing so. *Id.*; *United States v. Frazier*, 417 F.2d 1138, 1139 (4th Cir. 1969). Here, the Government presented the witnesses in the chronological order in which they became involved with Jeffrey-Moe to avoid confusing the jury. This is a sufficient reason for allowing Desy to testify after other government witnesses. *See Mitchell*, 733 F.2d at 330; *cf. Parodi*, 703 F.2d at 773-75.

Next Jeffrey-Moe challenges the sufficiency of the evidence to support the jury's verdict, contending that the Government failed to prove that he had knowledge of the sexually explicit nature of the materials and that he knew minors were involved in the production of the materials. We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). This court should affirm if, when the evidence is viewed in the light most favorable to the government, the conviction is supported by substantial evidence. *United States v. Haas*, 986 F.3d 467, 477 (4th Cir. 2021). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). When resolving issues of substantial evidence, this court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, and it must assume that the jury resolved all

3

contradictions in testimony in favor of the government. *See United States v. Roe*, 606 F.3d 180, 186 (4th Cir. 2010).

With these standards in mind, we have reviewed the record and find that the evidence presented was sufficient to support Jeffrey-Moe's convictions. The trial testimony, viewed in the light most favorable to the Government, established that Jeffrey-Moe searched for, downloaded, viewed, and sorted numerous files containing child pornography. The Government presented sufficient evidence to establish Jeffrey-Moe's knowledge of the contents of each of the specific files supporting his convictions for receiving child pornography and that he knowingly possessed child pornography as charged in the three counts of possession. Accordingly, we conclude that the evidence was sufficient to support the convictions, and the district court did not err in denying Jeffrey-Moe's motion for judgment of acquittal.

Jeffrey-Moe next challenges the reasonableness of the district court's imposition of a lifetime term of supervised release.[1] "A court's sentencing rationale . . . can support both imprisonment and supervised release." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015). Here, when addressing the sentencing factors, the district court specifically referred to the large number of videos and images attributed to Jeffrey-Moe, the multiple devices ("all the gadgets within arms (sic) reach containing all the child

---

[1] The Government argues that Jeffrey-Moe did not object in the district court to the length or the conditions of supervised release and, therefore, we must review his challenges to these conditions for plain error. Because we would reach the same conclusions under either plain error or abuse of discretion review, we need not address this contention. *United States v. Sueiro*, 59 F.4th 132, 143 n.4 (4th Cir. 2023).

4

pornography"), and the fact that he had been collecting child pornography for nearly ten years. The court emphasized the seriousness of Jeffrey-Moe's offenses and its determination that his downloading and viewing child pornography was a "compulsion" or an "addiction." The court further noted that Jeffrey-Moe lacked remorse, failed to acknowledge his crimes, and persisted in asserting his innocence. The court also expressed concern that Jeffrey-Moe would return to this conduct once on supervised release and recited some cases of defendants who reoffended after regaining access to the internet. We conclude that the district court's explanation for Jeffrey-Moe's sentence adequately explains the court's reasons for imposing of a lifetime term of supervised release. *See United States v. Boyd*, 5 F.4th 550, 559 (4th Cir. 2021) (providing that "a sentence as-a-whole explanation can suffice" to explain reasons for conditions of supervision (internal quotation marks omitted)).

Jeffrey-Moe also challenges the imposition of a number of conditions of his supervised release, contending that they are overbroad and that the district court failed to adequately explain the reasons for imposing the conditions. Specifically, he contests Standard Condition 9, which prohibits him from associating with felons or persons engaged in criminal activity, and Standard Condition 13, which requires that he notify third parties of the risks that may be occasioned by his criminal record. He also contends that Special Conditions 5, 6, 7, 8, and 11—restricting his use of computers, access to minors, access to or possession of adult pornography, use of sex-related adult telephone services and websites, and magazines using pictures of juveniles—are overbroad and not adequately explained.

5

"[A] sentencing court's duty to provide an explanation for the sentence imposed also requires that the court explain any special conditions of supervised release." *United States v. McMiller*, 954 F.3d 670, 676-77 (4th Cir. 2020). Special conditions of supervised release must be: (1) reasonably related to the statutory goals of deterrence, protection of the public, and rehabilitation; (2) no greater a deprivation of liberty than is reasonably necessary to achieve those statutory goals; and (3) consistent with any relevant policy statements issued by the Sentencing Commission." *Id.* (cleaned up); *see* 18 U.S.C. § 3583(d). Accordingly, a district court must specifically explain the reasons for imposing a discretionary condition of supervised release unless (1) the reasons are "self-evident," (2) the defendant raised no nonfrivolous objections to the condition, and (3) the court provided an adequate explanation for the sentence as a whole. *Boyd*, 5 F.4th at 559.

The first challenged condition is Standard Condition 9, which restricts Jeffrey-Moe from associating with felons or persons engaging in criminal activity. We conclude that that the reasons for this condition are evident from the record and, to the extent Jeffrey-Moe contends that the condition is overly broad, we recently addressed this argument and reaffirmed the "general rule that a district court may not revoke supervised release for inadvertent violations." *United States v. Van Donk*, 961 F.3d 314, 324 (4th Cir. 2020) (internal quotation marks omitted). As we stated in *Van Donk*, "[i]f vagueness issues do arise, [the defendant] may bring an as-applied challenge in revocation proceedings." *Id.* at 325-26.

The Government concedes that Standard Condition 13, as imposed by the district court, "may be an improper delegation of judicial power." *See Boyd*, 5 F.4th at 558

6

(acknowledging that, absent meaningful guidance to the probation officer, this risk-notification condition "may be an improper delegation of judicial power"). To address this concern, the United States Sentencing Commission has updated the language of this condition. U.S. Sentencing Guidelines Manual § 5D1.3(c)(12) (2018); *see* U.S. Sentencing Comm'n, *Amendments to the Sentencing Guidelines* 44 (Apr. 28, 2016). Because the district court did not provide guidance for its application, we vacate Standard Condition 13 and remand to the district court for further proceedings, during which the court may modify the condition to conform to the current version or provide appropriate guidance and explanation for the condition.

We turn next to Jeffrey-Moe's argument that the district court erred when it imposed, without explanation, five lifetime special conditions of supervised release, namely, the ban on employment or volunteer activities that allow him access to computers or minors (Special Condition 5), the ban on access to adult pornography or magazines using juvenile models or pictures of juveniles (Special Condition 6), the limitation on contact with minors (Special Condition 7), the prohibition against using "any sex-related adult telephone services, websites, or electronic bulletin boards" (Special Condition 8), and the restriction on possession or use of a computer without prior approval of the probation officer (Special Condition 11).

We have recently held that "a complete internet ban is almost always excessive for non-contact child pornography activity, or similar conduct where there was no actual contact with the victim." *United States v. Arce*, 49 F.4th 382, 396 (4th Cir. 2022) (internal quotation marks omitted); *see United States v. Hamilton*, 986 F.3d 413, 421 (4th Cir. 2021)

7

(confirming that, in a non-contact case, an internet ban "sweeps too broadly"). Because Jeffrey-Moe's case did not involve contact with children, we vacate this condition. As in *Acre*, the district court is free, on remand, to set other computer restrictions that are more appropriately tailored to this case. 49 F.4th at 397.

Likewise, the portion of Special Condition 5 banning Jeffrey-Moe for life from engaging in employment or volunteer services that allow him access to minors, and Special Condition 7's lifetime prohibition on contact with minors unless supervised, absent any specific guidance and further explanation, are similarly infirm, especially when imposed in a non-contact case such as this. *See United States v. Heckman*, 592 F.3d 400, 411 (3d Cir. 2010) (finding language similar to Jeffrey-Moe's Special Conditions 5 and 7 to amount to "an improper delegation of authority to the Probation Office"); *United States v. Scott*, 821 F.3d 562, 571 (5th Cir. 2016) (finding supervised release condition that imposed lifetime ban on unsupervised contact with minors "unreasonably broad given its lack of tailoring by duration or scope and the fact that [defendant] did not have any history of directly abusing a child" (internal quotation marks omitted)); *see also United States v. Voelker*, 489 F.3d 139, 154 (3d Cir. 2007) (barring "no minors" condition as "unbridled delegation" and observing that the condition gave the probation officer "the sole authority for deciding if Voelker w[ould] ever have unsupervised contact with any minor, including his own children, for the rest of his life").

The adult pornography ban and the prohibition against using sex-related adult telephone services, websites, and electronic bulletin boards in Special Conditions 6 and 8 prohibit Jeffrey-Moe from accessing legal material that generally enjoys First Amendment

8

protection. *Van Donk*, 961 F.3d at 323. We have recently held that supervised release conditions that impose such restrictions "'must be supported by individualized evidence to meet § 3583(d)'s reasonably related standard.'" *United States v. Castellano*, 60 F.4th 217, 225 (4th Cir. 2023) (quoting *United States v. Ellis*, 984 F.3d 1092, 1100 (4th Cir. 2021)). In light of the recent changes to our jurisprudence concerning supervised release conditions restricting access to legal pornography, *see id.* at 224 (acknowledging that "*Van Donk* and *Ellis* . . . altered the law surrounding [pornography-restriction] conditions" of supervised release), we vacate these conditions and remand for further proceedings.

The final supervised release condition Jeffrey-Moe challenges is Special Condition 11, which requires prior approval of the probation officer for the possession or use of a computer to access any online services. This condition does not suffer from the same infirmity as the computer ban in Special Condition 5 because it contemplates that Jeffrey-Moe will be able to access and use computers—albeit, with the approval of the probation officer. We further find that the district court adequately explained the reason for imposing such condition, noting that Jeffrey-Moe used a number of electronic devices to download, view, categorize, and store child pornography; that the conduct involved a large number of files containing child pornography; and that the evidence showed that Jeffrey-Moe had been engaging in this activity for ten years. We conclude that the district court did not abuse its discretion by not providing further explanation for imposing Special Condition 11. *See McMiller*, 954 F.3d at 677; *see also Acre*, 49 F.4th at 397 (acknowledging that computer restrictions may be warranted in certain circumstances).

9

Jeffrey-Moe also challenges the district court's imposition of $35,000 in special assessments pursuant to 18 U.S.C. § 3014. This provision requires the district court to "assess an amount of $5,000 on any non-indigent person . . . convicted of [enumerated] offense[s]," including receipt and possession of child pornography. 18 U.S.C. § 3014(a)(3). Jeffrey-Moe contends that the district court failed to make a determination that he was non-indigent. *See McMiller*, 954 F.3d at 674. However, the defendant bears the burden of showing that he is indigent. *See United States v. Mann*, 770 F. App'x 649, 650 (4th Cir. 2019) (No. 18-4162); *see also United States v. Aramony*, 166 F.3d 655, 665 (4th Cir. 1999) (stating defendant bears burden of demonstrating inability to pay fines). Here, Jeffrey-Moe presented no evidence to establish his indigency, and he refused to provide information about his financial condition. We find no plain error by the district court in imposing the special statutory assessment pursuant to 18 U.S.C. § 3014 where Jeffrey-Moe failed to establish his indigency. *See United States v. Doak*, 47 F.4th 1340, 1361 (11th Cir. 2022) ("Evidence that a defendant has failed to disclose assets may support a determination that the defendant is able to pay a fine with those undisclosed assets." (cleaned up)), *cert. denied*, 143 S. Ct. 623 (2023).

Lastly, Jeffrey-Moe seeks to file a pro se supplemental brief in which he contends that the district court erred by denying his attorney's pretrial motion to withdraw. Although "[a] defendant's right to have a lawyer of his or her own choosing is an essential element of the Sixth Amendment right to assistance of counsel," that right is not an absolute right. *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). We review the denial of a motion to substitute counsel for an abuse of discretion, after considering (1) the timeliness of the

10

motion, (2) the adequacy of the court's inquiry into the defendant's complaint, and (3) whether a total breakdown in attorney/client communication had developed such that it prevented the attorney from putting forth an adequate defense. *Id.* Based upon our review of the record and consideration of these factors, we find no abuse its discretion in the district court's denial of Jeffrey-Moe's counsel's motion to withdraw.

We therefore grant Jeffrey-Moe's motion to file a supplemental pro se brief. We affirm Jeffrey-Moe's convictions, vacate Standard Condition 13 and Special Conditions 5, 6, 7, and 8, and remand to the district court for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[2] We affirm the judgment in all other respects.

11